UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERIC SCHUYLER,

        Plaintiff,

Case No. 1:08-CV-34

v.

Hon. Richard Alan Enslen

NATIONAL AMERICAN CREDIT CORP.,

**ORDER**

        Defendant.
_____/

      Defendant National American Credit Corporation has moved for leave to file a delayed First Amended Answer, Affirmative Defenses and Counterclaim. That Motion has been opposed by Plaintiff Eric Schuyler. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. LCivR 7.3(d).

      This action is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The current dispute centers on whether Defendant should be permitted to amend its Answer to assert a counterclaim for an unpaid credit card debt of $2,702.44. The original Answer was filed on February 14, 2008. The Case Management Order subsequently issued permitted motions for amendment of pleadings to be filed not later than April 20, 2008. This amendment motion was filed on May 15, 2008. The only explanation for the delay is Defendant's argument that "the delay . . . was based on the parties' pending settlement discussions. Given the limited amount at issue, it was prudent to assert the counterclaim . . . only once it became apparent that the parties would not settle the case." (Mot. 2.)

This explanation overlooks the standards for diligent defense of a client's rights. Extension motions pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) require a finding of "excusable neglect." *See Nicholson v. City of Warren*, 467 F.3d 525, 526-27 (6th Cir. 2006) (citing cases). The pursuit of settlement talks is not an excuse at all because those talks may be pursued **while an attorney is filing a pleading which protects his or her client's interests.** There was simply nothing prudent about delaying filing a permissive counterclaim when defense counsel was already expending efforts to answer, and nothing prudent about omitting a counterclaim from the answer filed. The only defense to that practice now is, as explained below, the counterclaim was not properly filed at all due to the absence of an independent basis for federal jurisdiction.

Under Rule 13(a)(1), a counterclaim is deemed compulsory *versus* permissive if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." The federal courts have generally applied a "logical relation" test to determine if claims are compulsory. *See Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1361 (5th Cir. 1979); *see also City of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123, 127 (6th Cir. 1978); *Maddox, infra*. This logical relation test has resulted in widespread divergent opinions about whether when a debtor sues under a federal statute such as the Truth in Lending Act or the Fair Debt Collection Practice Act a counterclaim for the unpaid debt is compulsory or permissive. *See Plant*, *supra* (discussing divergent precedent). In *Maddox v. Kentucky Finance Co.,* 736 F.2d 380, 383 (6th Cir. 1984), the Sixth Circuit sided with the precedent determining that a subsequent counterclaim for the debt is permissive rather than compulsory. *See also Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1136 (8th Cir. 1981) (stating that the *Whigham* analysis (relied upon in *Maddox*) applied with even more force to the context of a FDCPA claim); *cf. Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063,

1070-71 (E.D. Cal. 2005) (holding that supplemental jurisdiction under 28 U.S.C. § 1367 does attach, but that the jurisdiction should not be exercised because it would be contrary to the FDCPA's remedial policies).

*Maddox*'s holding mandates the denial of the leave to amend as to the permissive counterclaim given the other rules controlling permissive counterclaims.  Permissive counterclaims require an independent basis for federal jurisdiction.  *Maddox,* 736 F.2d at 382 (citing cases); *NLRB ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc.*, 606 F.2d 929, 931-32 (10th Cir. 1979); 6 C. Wright & A. Miller, *Federal Practice & Proc.*, § 1422 (Thomson/West 1990 ed. & 2008 Supp.) (citing cases).  In this case, there is no independent basis for federal jurisdiction.  The debt claim is premised solely on state law and diversity jurisdiction cannot attach because the amount in controversy requirement is not met.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant National American Credit Corporation's Motion for Leave to Amend (Dkt. No. 12) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 2, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

3